IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRUCE A. HAMMOCK, | Case No. 1:17-cv-01939-CAB |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| OFFICER ROGERS, ET AL., | |
| Defendants. | **ORDER** |

Currently before the court is the motion to order requests for admissions as admitted or alternatively, motion to compel responses to requests for admissions filed by Defendants Officer Dittrich, Officer Garner, Officer Kingsborough, Officer Rhinehart, Officer Rogers, Officer Soehnlen, Officer Stantz, and Officer Williams (collectively "defendants") on March 12, 2018. *See* ECF Doc. 24.

**I.   Procedural History**

On December 4, 2017, Judge Boyko referred this case to me for pretrial supervision. *See* ECF Doc. 5. On February 19, 2018, defendants filed a notice of service of requests for admissions. *See* ECF Doc. 19. Plaintiff Bruce A. Hammock timely served responses to defendants' requests for admissions on March 5, 2018. *See* ECF Doc. 23. Defendants filed the instant motion on March 12, 2018. *See* ECF Doc. 24. Plaintiff responded in opposition on March 19, 2018. *See* ECF Doc. 26. On April 5, 2018 the court ordered defendants to provide the court with the requests for admissions at issue to allow the court to evaluate the present

dispute. *See* ECF Doc. 32. On April 10, 2018, defendants provided the court with a copy of the requests for admissions at issue. *See* ECF Doc. 34-1.

**II.     Applicable Law**

Rule 36 permits one party to request another party to admit facts relating to a broad range of matters, including ultimate facts and the application of law to fact. *Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017) (citing *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009)). Under Rule 36(a), a party responding to a request for admission may: 1) admit; 2) deny; 3) assert a lack of knowledge, despite reasonable inquiries to obtain such knowledge; or 4) object. *See* Fed. R. Civ. P. 36(a)(4)-(a)(5). "When a party wishes to object to a request for admission, it must state the grounds for objection." *Old Reliable Wholesale, Inc. v. Cornell Corp.*, No. 5:06CV02389, 2008 WL 2323777, at *1 (N.D. Ohio June 4, 2008) (citing Fed. R. Civ. P. 36(a)(5)). Rule 36 provides a mechanism for addressing the sufficiency of an answer or objection:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

*Brandon v. Cty. of Muskingum*, No. 2:16-CV-1044, 2017 WL 4985515, at *2 (S.D. Ohio Nov. 2, 2017) (quoting Fed. R. Civ. P. 36(a)(6)).

**III.    Sufficiency of Hammock's Responses**

Hammock's amended complaint asserted that he was involved in a police pursuit on September 22, 2015. *See* ECF Doc. 22-1, Page ID# 110. Defendants' requests for admissions ("requests") asked Hammock to admit certain information concerning the events that occurred

2

before, during, and after the alleged police pursuit. *See* ECF Doc. 34-1. Hammock responded to requests for admissions numbers 1 through 8 with the following objection:

> Plaintiff objects to this admission due to Defendants request Plaintiff admit to issues not of this pending action. Pursuant to Rule 36 (a)(l) of the Fed.R.Civ.P. ("a party may serve on any other party a written request to admit, for purposes of the pending action only")

*See* ECF Doc. 23-1.

Defendants argue that Hammock's objection is "inapplicable," because their requests "deal directly with issues pertaining to the case." ECF Doc. 24, Page ID 132. Hammock counters that the requests do not deal directly with issues pertaining to the pending action because Hammock "never alleged he was unlawfully arrested in his complaint and excessive force and deliberate indifference to medical care took place after Plaintiff was apprehended which clearly had no bearing on anything that took place before Plaintiff was placed in restraints at which time this instant complaint took place." *See* ECF Doc. 26.

Rule 36(a)(1) governs the scope of allowed requests for admissions and states, in relevant part, that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts . . . ." Fed. R. Civ. P. 36(a)(1)(A). Rule 26(b)(1) provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1).

The court finds that Hammock's objections are insufficient because defendants' requests are relevant to Hammock's allegations concerning the events that occurred during the alleged

police pursuit on September 22, 2015. *See* ECF Doc. 22-1, Page ID# 110. The requests are also relevant to defendants' asserted defenses including: that the conduct of the defendants was objectively reasonable under the circumstances (Eighth Defense); that Hammock's damages were caused by Hammock's own conduct, misconduct, unlawful action, etc. (Ninth Defense); and that defendants had a good faith belief there was probable cause for Hammock's arrest (Tenth Defense). *See* ECF. Doc. 38.

Because the court finds that Hammock's objections were not justified, the court orders Hammock to respond to defendant's requests for admissions numbers 1-8 in accordance with Rule 36(a)(4) not later than 28 days after the date on which this order is filed.

### IV.     Local Rule 37.1

Hammock also argues that defendants failed to comply with Local Rule 37.1 and the court's case management order issued on February 5, 2018 (ECF Doc. 18). *See* ECF Doc. 26. Local Rule 37.1 concerns discovery disputes and states that a party seeking disputed discovery must make, and certify to the court the making of, sincere, good faith efforts to resolve the dispute. LR 37.1. The case management order (ECF Doc. 18) states in relevant part that "[n]o motion to compel . . . shall be filed unless the parties have undertaken in good faith to resolve discovery disputes and, if unable to do so, have next jointly contacted the court by phone or email with a request for judicial resolution." ECF Doc. 18.

Hammock is correct that the parties must meet and confer before any party brings a motion to compel before the court. Although defendants title their motion, in the alternative, as a "motion to compel responses to requests for admissions," the motion actually appears to be a motion to determine the sufficiency of Hammock's answers pursuant to Rule 36(a)(6). If this motion were in fact a motion to compel discovery, the defendants would have been required to

comply with the applicable Federal Rules of Civil Procedure, Local Rules, and the case management order.

## V.    Conclusion

For the above reasons, this court **GRANTS** the defendants' motion entitled **"motion to compel responses to requests for admissions"** and **DENIES** the defendants' **motion for an order to deem requests admitted**. The court, therefore, orders Hammock to respond to defendants' Requests for Admission Nos. 1-8 within twenty-eight (28) days of the date of this order.

IT IS SO ORDERED.

Dated: July 10, 2018

Thomas M. Parker
United States Magistrate Judge