IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE A. HAMMOCK, | ) | Case No. 1:17-cv-1939 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| OFFICER ROGERS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

On August 3, 2018, Bruce A. Hammock ("Hammock") filed a "request for service of subpoena." ECF Doc. 59, Page ID# 317. Hammock asserts that, because he is an indigent inmate proceeding *in forma pauperis* ("IFP"), the U.S. Marshal Service should serve subpoenas for him. *Id.* Attached to Hammock's request are eight AO-88B subpoena forms and USM-285 process receipt and return forms, requesting that:

(1) third-party Joe McDaniels and Fat Joes Barbershop produce an "[a]ffidavit sworn to before a notary public stating your account of the arrest of plaintiff, on September 22, 2015, and the cell phone video of the arrest";

(2) third-party "Dr. Cline," of 5701 Burnett Road, Leavittsburgh, Ohio,[1] produce "any and all medical records, including inpatient and emergency room treatments, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records received by other physicians";

(3) third-party Mobilex, Midwest Region, produce "any and all medical records, including inpatient and emergency room treatments, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories,

---

[1] The address Hammock lists for "Dr. Cline" is the address for Trumbull Correctional Institution, where he is currently incarcerated.

> office and doctor's handwritten notes, and records received by other physicians";
>
> (4) third-party Dr. David Flanigan, M.D., produce "any and all medical records, including inpatient and emergency room treatments, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records received by other physicians";
>
> (5) third-party OSU Wexner Medical Center produce "any and all medical records, including inpatient and emergency room treatments, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records received by other physicians";
>
> (6) third-party Louis Stokes VA Medical Center produce "any and all medical records, including inpatient and emergency room treatments, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records received by other physicians";
>
> (7) third-party Linda K. Tackett produce "[t]he transcripts from case no. 2015-cr-0858 of the two final pretrials held on January 19, and February 01 of 2016"; and
>
> (8) third-party Mark Cockley produce "any and all public information regarding past clients, which had dash camera footage as evidence from a Mansfield Police Department cruiser."[2]

ECF Doc. 59-1, Page ID# 318–33. In each of the attached subpoena forms, Hammock requests that the items be delivered "[w]ithin thirty days of service of this Subpoena" to his address at Trumbull Correctional Institution. *Id.*

When an indigent plaintiff is proceeding IFP, the U.S. Marshals Service is required to serve his subpoenas. 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."); *Martin v. Posey*, No. 15-CV-2294, 2017 WL 412876, at *7 (S.D. Ohio Jan. 31, 2017); *LaFountain v. Harry*, No. 10-CV-943, 2015 WL

---

[2] Mark Cockley, of 16 W.2nd St., Mansfiled, Ohio, is an attorney. *See* Attorney Directory, THE SUPREME COURT OF OHIO, https://www.supremecourt.ohio.gov/attorneysearch/#/59346/attyinfo (last visited Sept. 27, 2018).

5749469, at *5 (W.D. Mich. Sept. 2, 2015), *adopted by* No. 10-CV-943, 2015 WL 5749469 (W.D. Mich. Sept. 30, 2015); *Brown v. Ross County*, No. 14-CV-333, 2014 WL 4284874, at *2 (S.D. Ohio Aug. 28, 2014). Nonetheless, the Court may exercise its discretion to screen a subpoena request, relieving the U.S. Marshals Service of its duty when appropriate. *Martin*, No. 15-CV-2294, 2017 WL 412876, at *7; *see also Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993) (stating that "[i]t is well established that the scope of discovery is within the sound discretion of the trial court").

Notwithstanding the traditionally broad scope of discovery permitted under the Federal Rules of Civil Procedure, discovery requests must be "relevant to a party's claims or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (stating that "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad"). The proportionality analysis requires courts to consider several factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court *sua sponte* must limit discovery if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Under Rule 45(a)(1)(iii), a subpoena must "command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated

documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(iii). A subpoena may not command its target to create an affidavit, as creating an affidavit is not contemplated by Rule 45. *See Martin*, No. 15-CV-2294, 2017 WL 412876, at *7–8 (relieving the U.S. Marshals Service of its duty to serve an affidavit facially commanding its target to create an affidavit, and directing the plaintiff to redraft a subpoena that complies with Rule 45). Further, a subpoena directed to a non-party may not impose an undue burden, such as when it is facially overbroad or would cause the non-party target to incur an unwarranted expense or inconvenience. *Cf. Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 819 (5th Cir. 2004) (discussing the standard on a motion to quash a subpoena under Rule 45(d)(3)(A)(iv)).

All of Hammock's proposed subpoenas are facially overbroad, as his requests for production do not include a limit to items in the targets' "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(iii). Hammock's demand that McDaniels create an affidavit is also inappropriate for a subpoena, as the creation of an affidavit is not contemplated by Rule 45. *See* Fed. R. Civ. P. 45(a)(1)(iii). Furthermore, his requests for "any and all" records from Dr. Cline, Mobilex, Dr. Flanigan, OSU WMC, and the Louis Stokes VAMC do not fit within Rule 26(b)(1)'s proportionality requirement, as he does not limit his request to his personal medical records or specify a range of relevant dates. Fed. R. Civ. P. 26(b)(1). Hammock's request that Mark Cockley produce "any and all public information regarding his past clients, which had dash camera footage as evidence from a Mansfield Police Department cruiser" is similarly overly broad. Moreover, this request is likely barred under Rule 26(b)(2)(C), as Hammock has not shown why he cannot obtain information about the City of Mansfield Police's dash camera footage through less onerous means, such as using: (1) interrogatories or written depositions,

4

under Rules 31 and 33, to explore why the City of Mansfield has a budget item for dash camera equipment, but no dash camera footage; or (2) written deposition questions, under Rule 31, to ask Cockley about dash camera footage without violating any attorney-client privilege he may be bound by.[3] Fed. R. Civ. P. 26(b)(2)(C). Thus, the Court could deny Hammock's motion for service of his subpoenas, and relieve the U.S. Marshals Service of its duty to serve Hammock's subpoenas.

Nonetheless, as a *pro se* plaintiff, Hammock enjoys liberal construction of his filings. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Accordingly, the Court directs that Hammock's subpoenas are to be liberally construed to request that:

(1) Joe McDaniels and Fat Joe's Barbershop produce any already existing affidavits and cell phone video *within their possession, custody, or control*, regarding Hammock's arrest on September 22, 2015;

(2) Dr. Cline, Mobilex, Dr. Flanigan, OSU WMC, and the Louis Stokes VAMC produce any and all medical records *within their possession, custody, or control*, regarding Hammock's treatment *from September 22, 2014,[4] through the date the subpoena is received*; and

(3) Linda K. Tackett produce any transcripts *within her possession, custody, or control*, from the final two pretrial hearings in case no. 2015-cr-0858, held on January 19, 2016, and February 1, 2016.

The Court **grants**, in part, Hammock's motion for service, and directs the U.S. Marshals Service to serve Hammock's subpoenas as construed. A copy of this order shall be attached to each subpoena, so the recipients are advised as to their construction. Finally, the Court **denies**, in part, Hammock's motion for service with regard to his subpoena directed to Mark Cockley, and

---

[3] The court is mindful that the City of Mansfield has already attested that is does not have dash cam video footage of the incident involving Hammock. Indeed, it has already asserted that it did not have dash cameras at the time, despite the fact that city budget documents appear to have a line item for dash camera equipment.

[4] September 22, 2014, is one year preceding the date of Hammock's arrest and alleged injury. *See* ECF Doc. 1-2, Page ID# 9.

relieves the U.S. Marshals Service of its duty to serve it, because Hammock's request is not reasonably proportionate to the needs of his case and the public information he seeks could be obtained through less cumbersome means.

**IT IS SO ORDERED.**

Dated: October 1, 2018

Thomas M. Parker
United States Magistrate Judge