IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRUCE A. HAMMOCK, ) | Case No. 1:17-cv-1939 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| OFFICER ROGERS, *et al.* ) | |
| ) | |
| Defendants. ) | **REPORT & RECOMMENDATION** |
| ) | |

**I.     Introduction**

Defendant, Advanced Correctional Healthcare ("ACH"), moves for judgment on the pleadings, on the grounds that the applicable statute of limitations bars Plaintiff, Bruce Hammock's, deliberate indifference claims, brought under 42 U.S.C. § 1983, because he filed those claims more than two years after the conduct at issue. ECF Docs. 51, 51-1. Hammock moves to file a second amended complaint. ECF Doc. 67. Because Hammock's claim that ACH was deliberately indifferent to his medical needs during his confinement ending on February 8, 2016, is barred by the statute of limitations, I recommend that ACH's motion for judgment on the pleadings be **GRANTED**. Because Hammock has failed to show good cause for his delay in seeking to add claims regarding his April 2016 and October through November 2016 confinements, and because his proposed amendments would be futile, I recommend that Hammock's motion for leave to file a second amended complaint be **DENIED**.

**II.     Procedural Background**

On September 12, 2017, plaintiff, Bruce A. Hammock, filed this action under 42 U.S.C. § 1983, alleging that (1) Mansfield Police Officers T. Rogers, R. Dittrich, R. Garner, J.R. Kingsborough, Don Rhinehart, J. Soehnlen, Patrick Williams, and T. Stanz (the "Officer defendants"); (2) Correctional Officers "Sgt. John Doe," "John/Jane Doe A," and "John/Jane Doe B"; and (3) nurse "John/Jane Doe" violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. ECF Doc. 1, Page ID# 1–7. Specifically, Hammock alleged that the defendants were "reckless[ly] indifferen[t]" and "malicious[ly] inten[ded]" to injure him when they denied him medical treatment for injuries sustained during his September 22, 2015, arrest. ECF Docs. 1, 1-2 and 1-3, Page ID# 6–7, 9–10.

On February 22, 2018, Hammock filed a motion to amend his compliant, which the court granted on March 19, 2018. ECF Doc. 22. Hammock's amended complaint named as defendants: (1) Mansfield City, Mansfield Police Chief Phil Messer, and Mansfield Police Captain Bret Snavely, and the Officer defendants (the "Mansfield defendants"); (2) Richland County Sheriff, Steve Sheldon, Sargent Mark Collier, and deputies "John Doe 1," "John Doe 2," "John Doe 3," and "John Doe 4" (the "Richland County defendants"); (3) ACH; and (4) Dr. "John Doe 5," nurse "Jane Doe 6," and nurse "Jane Doe 7" (the "ACH employee defendants"). ECF Docs. 22-1 and 27, Page ID# 107–110, 147–50. In relevant part, Hammock alleged that ACH and the ACH employee defendants were deliberately indifferent to his serious medical needs when they: (1) intentionally denied him access to medical care for injuries sustained during his arrest while he was in Richland County's custody; (2) failed to provide him with a CPAP machine, despite knowing he had sleep apnea; (3) failed to train its employees to differentiate between head trauma and drug/alcohol use in vehicle accident victims; (4) denied

2

him post-surgical care while in custody; and (5) failed to treat his loose tooth for over a month while in custody. ECF Docs. 22-1 and 27, Page ID# 114–16, 154–56.

### III. Facts

Hammock's amended complaint alleges the following facts.[1] On September 22, 2015, Mansfield officers "brutally [beat him] into a state of unconsciousness" following his collision with a tree and surrender after a car case, while other Mansfield officers at the scene failed to intervene. ECF Doc. 27, Page ID# 150. Due to his collision and beating, Hammock alleges he suffered:

> serious physical harm . . . , traumatic brain injury resulting in a loss of consciousness . . . , concussion, emotional distress, vomiting blood, lacerations to the nose [and lip], bruised jaw, tooth knocked loose, bruised ribs, bruised right thigh, bruised left knee, los[s] of mobility to left arm, los[s] of feeling of left arm, . . . anxiety, headaches, hand tremors, loss of concentration, [] memory loss . . . , and exacerbation of previously diagnosed PTSD from prior military service.

*Id.* at 152. Hammock alleges that despite his request for medical treatment of his "obvious visible signs and symptoms of head trauma," the Mansfield police officers denied him medical attention. *Id.* He alleges he was admitted into the Richland County Sheriff's Office's ("RCSO") custody, requested medical attention for the "obvious signs and symptoms of head trauma and other bodily injuries, and his request was denied. *Id.* at 151. Hammock also alleges he informed the Richland County defendants and ACH employee defendants that he had sleep apnea, which required a CPAP machine. *Id.* Hammock alleges he did not receive treatment for his injuries or a CPAP machine during his custody from "September 22, 2015[, through] February 8, 2016."

---

[1] Hammock attached to his amended complaint several statements from the defendants, including a grievance response, that appear to contradict many of the factual allegations in his complaint. *See* ECF Doc. 27, Page ID# 159–66. Although plaintiffs are generally considered to adopt statements in exhibits as part of the pleading, a plaintiff does not adopt a defendant's unilateral statements that conflict with the allegations in his complaint when the document itself does not form the basis for the allegations. *See Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008). Instead, the exhibit is considered merely as an allegation that the defendant made those statements. *Id.*

*Id.* He also alleges he did not receive post-surgical care related to a knee surgery that he had before his arrest because post-surgical care was "not . . . a life sustaining procedure." *Id.* at 155–56. Further, he alleges that although ACH nurses determined that he had a loose tooth during his custody, he did not receive treatment for his tooth "for over a month." *Id.* at 156. Hammock further alleges that the sheriff's office sent him to an outside dental provider, who informed him that his tooth could be fixed; however, Richland County policy restricted him to a tooth extraction. *Id.*

**IV.     Law and Analysis**

     **A.     Judgment on the Pleadings Standard**

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). "Under that standard, courts construe the complaint in the light most favorable to the nonmoving party, accept the well-[pleaded] factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (quotation marks omitted). Thus, such pleadings are liberally construed. *Id.* Nevertheless, "[l]iberal construction does not require

a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

### B. Deliberate Indifference Claims

ACH argues that Ohio's two-year personal injury statute of limitations applies to 42 U.S.C. § 1983 claims filed in Ohio. ECF Doc. 51-1, Page ID# 293. ACH asserts that Hammock's claim – alleging that ACH was deliberately indifferent to his medical needs during his confinement between September 22, 2015, and February 8, 2016 – is barred by the applicable two-year statute of limitations, because he first raised them in his amended complaint on February 22, 2018. ECF Doc. 51-1, Page ID# 292–94.

Hammock responds that his deliberate indifference claim against ACH is not time-barred, because the alleged conduct "was part of a continuing violation that surpassed February 8, 2016," and included periods of confinement from: (1) April 11, 2016, through April 22, 2016; and (2) October through November 2016. ECF Doc. 66-1, Page ID# 361–63, 366–69. He also argues that the claims in his amended complaint should relate back to the date he filed his original complaint, because: (1) the claims against ACH "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings"; and (2) his original complaint named a John Doe defendant in his official capacity as an employee of ACH. *Id.* at 362, 364, 366, 369.

ACH replies that Hammock's claims do not relate back to the date of his original complaint because ACH was not named in the original complaint, and amendments adding new parties create new causes of action that do not relate back to the original filing for statute of limitations purposes. ECF Doc. 68, Page ID# 388. Further, ACH contends that the continuing violation doctrine does not save Hammock's claims because his complaint did not allege any

5

discrete acts occurring within the limitations period; and the continuing violations doctrine does not apply to § 1983 claims in any event. *Id.* at 389–91.

"Although the statute of limitations is an affirmative defense, a Complaint can be dismissed for failure to state a claim if the allegations of the Complaint demonstrate that the claim would be barred by the applicable statute of limitations." *Robinson v. City of Euclid*, 2010 U.S. Dist. LEXIS 103442 *3 (N.D. Ohio Sept. 30, 2010). The applicable statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio requires that actions be filed within two years after their accrual. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (*en banc*). In § 1983 actions, the statute of limitations begins to run when the plaintiff knows or has reason to know of the alleged injury. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Under Federal Rule of Civil Procedure 15(c), an amendment to a complaint relates back to the original complaint when:

> (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and the complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). When the amendment adds a new party, it creates a new cause of action that does not relate back to the original filing for purposes of limitations. *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010); *see also United States ex rel. Statham Instruments, Inc. v. Western Cas. & Surety Co.*, 359 F.2d 521, 523 (6th Cir. 1966) (stating that such an amendment "establishes a new and independent cause of action which cannot be maintained when the statute [of limitations] has run, for the amendment is one of

6

substance rather than one of form and brings into being one not presently in the court"). "Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).

A "continuing violation" may extend the accrual of a cause of action. *See Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). A "continuing violation" occurs when: (1) the defendant's wrongful conduct continued after the event that precipitated the injury; (2) the injury continued to accrue after the precipitating event; and (3) further injury to the plaintiff would have been avoided if the defendant ceased its wrongful conduct. *Id.* "A continuing violation is occasioned by continuing unlawful acts, not continual ill effects from an original violation. Passive inaction does not support a continuing violation theory." *Id.* (citations and quotation marks omitted). In *Bruce v. Corr. Med. Servs.*, a Sixth Circuit panel determined that a prison medical services' "actual actions" refusing medical care to a prisoner during his incarceration were "discrete unlawful acts (beyond passive inaction)," and that the medical service could be held liable only for its discrete acts that occurred within the applicable statute of limitations period. 389 F. App'x 462, 466–67 (6th Cir. 2010) (unpublished); *see also Young v. Tenn. Dep't of Corr.*, 2015 U.S. Dist. LEXIS 166457 at *4–5 (M.D. Tenn. Dec. 10, 2015) ("Application of this one-year statutory limitations period in § 1983 cases for deliberate indifference to medical needs is not subject to a continuing violations doctrine, because instances of denied medical care are 'discrete unlawful acts.'").

Even accepting all of Hammock's factual allegations as true and construing his *pro se* complaint liberally, his complaint fails to state a claim upon which relief can be granted against ACH. Fed. R. Civ. P. 12(c); *Lindsay*, 498 F.3d at 438; *Commercial Money Ctr., Inc.*, 508 F.3d at 336; *Luis*, 833 F.3d at 626. Because Hammock's complaint alleges only that ACH was

7

deliberately indifferent to his medical needs during his confinement between September 22, 2015, and February 8, 2016, he was required to bring his claims against ACH on or before February 8, 2018 (even presuming that the conduct of ACH during that period could be considered together as a single course of continuing conduct – an issue the court need not address). *Browning*, 869 F.2d at 992; *Sevier*, 742 F.2d at 273; ECF Doc. 27. Thus, Hammock's claim against ACH is barred by the two-year statute of limitations because he raised his claim against ACH on February 22, 2018, at the earliest.[2] ECF Docs. 22-1 and 27. Here, Hammock's amendment – adding ACH as a new party and raising for the first time his claim that ACH was deliberately indifferent to his medical needs – was a substantive amendment, creating a new cause of action that did not relate back to the original filing date for purposes of limitations. Fed. R. Civ. P. 15(c); *Asher*, 596 F.3d at 318; *Western Cas. & Surety Co.*, 359 F.2d at 523; *Cox*, 75 F.3d at 240; ECF Docs. 1, 22-1, and 27. Furthermore, Hammock's argument – that ACH's deliberate indifference to his medical needs was a "continuing violation" because ACH was also indifferent to his medical needs during his confinement between April 11, 2016, to April 22, 2016, and October through November 2016 – is unavailing. ECF Doc. 66-1, Page ID# 361–63, 366–69. Because each alleged refusal of treatment was a "discrete unlawful act," and ACH's alleged passive inaction cannot form the basis for a continuing violation, any alleged deliberate indifference by ACH that occurred during Hammock's incarceration between September 22, 2015, and February 8, 2015, is time-barred under the two-year statute of limitations. *Edison*, 510 F.3d at 635; *Bruce*, F. App'x at 466–67. Accordingly, Hammock's claim that ACH was deliberately indifferent to his medical needs during his confinement between September 22,

---

[2] The court need not address whether Hammock's amended complaint is considered filed on February 22, 2018 (the date he moved to amend), or March 19, 2018 (the date the court granted his motion to amend), as both dates are more than two years after February 8, 2016.

2015, and February 8, 2016, fails to state a claim upon which relief can be granted, and ACH is entitled to judgment as a matter of law on that claim. Fed. R. Civ. P. 12(c); *Lindsay*, 498 F.3d at 438; *Commercial Money Ctr., Inc.*, 508 F.3d at 336.

### C. Motion to File a Second Amended Complaint

Hammock moves for leave to file a second amended complaint, because he "has recently discovered some deficiencies in the [first] amended complaint." ECF Doc. 67, Page ID# 371. Specifically, Hammock seeks to: (1) name the seven John Doe defendants in his first amended complaint; (2) correct the styling of ACH's name[3], and (3) "reflect the . . . actions of Advanced Correctional Healthcare." *Id.* at 371–72. In a proposed second amended complaint submitted with his motion, Hammock adds: (1) defendants RCSO Lieutenant Misty Young and correctional officers Daniel Hiller, Kristin Stiteler, and Henry Nikolas (the "new RCSO defendants"); (2) defendants Dr. Dale R. Thomae, medical records custodian Julie M. York, and nurse Jodie Ryan (the "new ACH employee defendants"); (3) a claim that the new RCSO defendants and new ACH employee defendants were deliberately indifferent to his serious medical needs; and (4) a claim that Dr. Thomae failed to train and supervise ACH's employees on how to differentiate head trauma from drug or alcohol use in vehicle accident victims. ECF Doc. 67-1, Page ID# 375–376, 381. Hammock also adds that: (1) he was incarcerated between April 11, 2016 through April 22, 2016, and "for approximately thirty days" in October through November 2016; (2) Richland County and ACH "had an ongoing policy of deliberate indifference to [his] serious medical needs, and deliberately ignored the medical recommendations of [his] treating physicians"; and (3) that he "was permitted to have his CPAP dropped off during his

---

[3] Hammock's first amended complaint names "Advanced Correctional Health Care," and he seeks to correct ACH's name to "Advanced Correctional Healthcare." ECF Doc. 67, Page ID# 371; *see also* ECF doc. 51-1, Page ID# 291 (ACH's brief noting that it was "misnamed as 'Advanced Correctional Health Care'").

9

incarceration from April 11, 2016 thr[ough] April 22, 2016 to be placed in his property to take to prison, but was denied access while in the care of Richland County Sheriff's Office." *Id.* at 377–78.

ACH and the Richland County defendants respond that the court should deny Hammock's motion, because his proposed amendments are improper, unduly prejudicial, and futile. ECF Docs. 71 and 72, Page ID# 398–407, 409–14. ACH and the Richland County defendants argue that Hammock's prosed amendments would cause all defendants to suffer undue prejudice, because he filed his motion over five months after the deadline for joining new parties and after a year of litigation. *Id.* at 399–400, 410–12. Further, they assert that Hammock would have known of any claims arising from his April 2016 and October through November 2016 incarcerations when he filed his first amended complaint, and that he has not shown good cause for the delay in his proposed amendments or for his failure to cure the deficiencies in his first amended complaint. *Id.* at 399–400, 411–12. Moreover, ACH and the Richland County defendants argue that Hammock's proposed amendments would be futile because his additional claims would not relate back to the date of his original or first amended complaint, and they are time-barred under the applicable statute of limitations. *Id.* at 401–06, 413–14.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010). Moreover, when the scheduling order's deadline to amend the pleadings has passed, the plaintiff must show good cause for failing to seek leave to amend earlier, and the district court must determine whether the opposing party would be prejudiced before considering whether amendment is proper under Rule

10

15(a). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *see also* Fed. R. Civ. P. 16(b)(4) (requiring good cause to be shown for modifying the court's scheduling order).

### 1. Undue Delay and Good Cause

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Leary*, 349 F.3d 906. The Sixth Circuit has held that a plaintiff's delay in moving to amend is undue or prejudicial, when he was aware of the basis for his new claims well before he sought amendment, and the case has progressed past the scheduled deadlines for amending the pleadings, joining new parties, completing discovery, and filing dispositive motions. *See, e.g., Duggins v. Steak 'N Shake, Inc.*, 193 F.3d 828, 834 (6th Cir. 1999) (affirming a district court's denial of leave to amend because the plaintiff was aware of the basis of his new claim for months prior to seeking amendment, the time for discover had passed, dispositive motion deadline had passed, and a motion for summary judgment had been filed); *Leary*, 349 F.3d at 909 (holding that a district court did not abuse its discretion when it determined that plaintiffs failed to show good cause to amend their complaint after the dispositive motion deadline); *Commerce Benefits Group, Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (unpublished) (holding that a plaintiff "could not adequately explain its delay in bringing [its new] claims" when the claims' factual basis existed at the beginning of the lawsuit, the deadline for joining parties and amending pleadings expired four months before the plaintiff moved to amend, and the deadlines for discovery and dispositive motions had passed). Courts also consider whether a new claim would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

11

Because Hammock's motion to file a second amended complaint – filed on September 4, 2018 – comes over five months after the deadline for amending the pleadings and joining new parties, he must show good cause for the delay in filing his motion and the court must determine whether allowing him to amend his complaint would be unfairly prejudicial. ECF Docs. 18 and 55, Page ID# 89, 306 (stating that the deadline for amending the pleadings or joining new parties was April 1, 2018). Here, the factors weigh in Hammock's favor. When he filed his original and first amended complaints, Hammock must have known of any treatment requests that were denied during his confinements in April 2016 and October through November 2016. *Duggins*, 193 F.3d at 834; *Commerce Benefits Group, Inc.*, 326 F. App'x at 376. Nonetheless, Hammock's ability to name new parties was somewhat hamstrung by the amount of time it took to get the names of the proposed additional defendants through discovery. Further, granting Hammock's motion would not cause the parties to suffer significant prejudice, as the deadlines for completing discovery and filing dispositive motions have not yet passed and the court has already once extended the deadlines. *Phelps*, 30 F.3d at 663; *see also Duggins*, 193 F.3d at 834; *Leary*, 349 F.3d at 909; *Commerce Benefits Group, Inc.*, 326 F. App'x at 376. Thus, Hammock has shown good cause for his delay in seeking leave to amend. *Leary*, 349 F.3d at 906, 909.

### 2. Futility

"A proposed amendment is futile if the amendment could not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). As discussed above, the applicable statute of limitations for § 1983 deliberate indifference actions arising in Ohio is two years. *Browning*, 869 F.2d at 992. Further, an amendment adding a named defendant in the place of a "John Doe" defendant creates a new cause of action that does not relate back to the original filing for purposes of the statute of

limitations. *Asher*, 596 F.3d at 318; *Western Cas. & Surety Co.*, 359 F.2d at 523; *Cox*, 75 F.3d at 240. Moreover, a defendant is liable only for discrete unlawful acts refusing to provide medical care, and not mere passive inaction. *Cf. Bruce*, 389 F. App'x at 466–67.

In determining whether a new claim against a previously named party arises from the same conduct, transaction, or occurrence under Rule 15(c)(1)(B), the court looks to whether the party opposing amendment was "placed on notice that he could be called to answer for the allegations in the amended pleading." *Durland v. Hanover Ins. Group*, 806 F.3d 367, 375 (6th Cir. 2015) (quotation omitted); *see also Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006) ("The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one."). "This standard is usually met 'if there is an identity between the amendment and the original complaint with regard to the general wrong suffered and with regard to the general conduct causing such wrong.'" *Durland*, 806 F.3d at 375 (quoting *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 250 (6th Cir. 2000)). In *Durland*, the plaintiff's original complaint included a claim challenging the interest rate his employer used for calculating lump-sum payments under its pension plan, which the plaintiff elected to receive in 2003. *Id.* at 369. His amended complaint added a claim challenging a 2004 amendment to the employer's interest crediting formula. *Id.* at 370. The Sixth Circuit held that a plaintiff's original complaint did not give the defendants sufficient notice of his proposed amended claim, when the claim in his original complaint accrued in 2003 and the claim in his proposed amended complaint accrued in 2004. *Id.* at 375–76.

13

Although Hammock has shown good cause for his delay in seeking leave to amend, his proposed amendments would be futile. Hammock's claims against the new RCSO defendants and the new ACH employee defendants are new claims that do not relate back to the date of his original complaint or first amended complaint. *Asher*, 596 F.3d at 318; *Western Cas. & Surety Co.*, 359 F.2d at 523; *Cox*, 75 F.3d at 240. Therefore, under the applicable two-year statute of limitations, any § 1983 claim against the new RCSO defendants or new SCH employee defendants, must have accrued on or after September 4, 2016 – two years before Hammock moved to file a second amended complaint. *Browning*, 869 F.2d at 992. Only Hammock's confinement between October through November 2016 falls within the statute of limitations period; however, his proposed amended complaint does not allege that the new RCSO defendants or new ACH employee defendants committed any discrete acts (beyond passive inaction) denying medical treatment between October and November 2016.[4] *Bruce*, 389 F. App'x at 466–67; *Browning*, 869 F.2d at 992. Although Hammock is entitled to liberal construction as a *pro se* litigant, the court is not required to conjure allegations regarding the new defendants' conduct during that period. *Luis*, 833 F.3d at 626; *Erwin*, 22 F. App'x at 580. Thus, Hammock's proposed amendments joining the new RCSO defendants and new ACH employee defendants and adding new claims against them would be futile, because his claims against those defendants are barred by the applicable two-year statute of limitations. *Rose*, 203 F.3d at 420; *Browning*, 869 F.2d at 992.

Similarly, Hammock's proposed amendments related to ACH and the Richland County defendants would be futile. The only additional discrete acts denying treatment alleged in

---

[4] The only discrete acts Hammock alleges in his proposed amended complaint relate to his confinement between September 22, 2015, and February 8, 2016, and the RCSO's refusal to allow him to access his CPAP during his April 2016 confinement. *See generally* ECF Docs. 27 and 67-1.

14

Hammock's proposed amendments are ACH's and the Richland County defendants' refusal to allow him to access his CPAP machine during his April 2016 confinement. *See generally* ECF Doc. 67-1. This, however, is a new claim that does not relate back to the date of the original or second amended complaints, as it does not arise out of the same conduct or transaction set out in Hammock's original or first amended complaints – his confinement between September 22, 2015, and February 8, 2016. Fed. R. Civ. P. 15(c)(1)(B); *compare* ECF Doc. 27, *with* ECF Doc. 67-1. Here, Hammock's original and first amended complaints – which focused squarely on claims that accrued during his September 22, 2015, through February 8, 2016, confinement – were insufficient to give notice to ACH and the Richland County defendants that they would have to defend against claims that accrued during Hammock's April 2016 confinement. *Durland*, 806 F.3d at 375–76; ECF Docs. 1 and 27. Thus, under the two-year statute of limitations, Hammock had until April 22, 2018, to raise his claims related to his April 2016 confinement. *Browning*, 869 F.2d at 992. Because he failed to raise those claims until his September 4, 2018 motion to amend, they are time-barred. *Id.*; ECF Docs. 67 and 67-1. Furthermore, Hammock's proposed amendments stating that he was confined from October through November 2016 would be futile, because he does not allege that ACH or the Richland County defendants committed any discrete acts (beyond passive inaction) during that period, and the court is not required to conjure such allegations. *Cf. Bruce*, 389 F. App'x 466–67; *see also Erwin*, 22 F. App'x at 580; ECF Doc. 67-1. Accordingly, I recommend that the court deny Hammock's motion for leave to file a second amended complaint.

**V.     Recommendations**

Because Hammock's claim that ACH was deliberately indifferent to his medical needs during his confinement ending on February 8, 2016, is barred by the statute of limitations, I

recommend that ACH's motion for judgment on the pleadings be **GRANTED**. Because Hammock has failed to show good cause for his delay in seeking to add claims regarding his April 2016 and October through November 2016 confinements, and because his proposed amendments would be futile, I recommend that Hammock's motion for leave to file a second amended complaint be **DENIED**.

Dated: December 17, 2018

Thomas M. Parker
United States Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).