# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRUCE A. HAMMOCK, | ) Case No. 1:17-cv-1939 |
| | ) |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| OFFICER ROGERS, *et al.* | ) |
| | ) |
| Defendants. | ) **ORDER** |
| | ) |

Plaintiff, Bruce A. Hammock, has filed several *pro se* motions seeking various relief from this court, including the following:

1. A motion to order the Warden of the Trumbull Correctional Institution ("TCI") to give him telephone access to call "contact[] attorneys," and to make electronic filing available, ECF Doc. 69;

2. Motions to order the clerk of this court to send him copies of the docket sheet and all the documents filed in this case, ECF Docs. 70 and 110;

3. A motion for the court to take judicial notice that Hammock is an "indigent prisoner without access to the internet, telephone, or any other communication with the Court or attorneys representing Defendants without a court order," ECF Doc. 70;

4. A motion for "leave to use the court's transmission facilities to make service under [Federal] Rule [of Civil Procedure] 5(b)(2)(E)," ECF Doc. 70; and

5. A motion for "leave to depose the Mansfield City Defendants[1] by oral examination," ECF Doc. 101.

---

[1] The "Mansfield City Defendants" include Mansfield City, Mansfield Police Chief Phil Messer, Mansfield Police Captain Bret Snavely, and Mansfield Police Officers T. Rogers, R. Dittrich, R. Garner, J.R. Kingsborough, Don Rinehart, J. Soehnlen, Patrick Williams, and T. Stanz.

Hammock has also filed a completed AO 88B subpoena form, commanding Robert Denton to produce "any and all records regarding Bruce A. Hammock, including but not limited to all communications between Richland County Sheriff's Office and or Advanced Correctional Healthcare, Inc." ECF Doc. 70-1, Page ID# 396–97.

On January 28, 2019, defendants Richland County, Sheriff Steve Sheldon, and Sergeant Mark Collier (the "Richland County Defendants") moved for leave to depose Hammock at TCI on February 18, 2019. ECF Doc. 98. The court granted the Richland County Defendants' motion on February 12, 2019. ECF Doc. 107. On February 13, 2019, the Richland County Defendants moved for leave to amend the order to change the deposition date to March 1, 2019. ECF Doc. 108. The Richland County Defendants explained that "due to an unforeseen scheduling error with TCI, [February 18, 2019] is no longer tenable." *Id.* at 927.

Also on February 13, 2019, the clerk docketed Hammock's opposition to the Richland County Defendants' motion to depose him. ECF Doc. 109 (post-marked February 11, 2019). In his opposition brief, Hammock requests that the court (1) deny the Richland County Defendants' motion; and (2) grant him leave to depose the Richland County Defendants and Mansfield City Defendants "at the same date and time set forth for Plaintiff to be deposed." *Id.* at 931.

**I.      Motion to Order the Warden**

Hammock seeks an order directing the TCI warden to allow him access to telephones for contacting attorneys and this Court, and to make electronic filing available. ECF Doc. 69, Page ID# 393. He asserts that his requested relief is necessary for him to "effectively litigate and be provided with the same access as counsel for Defendants to the Court." *Id.* The court liberally construes Hammock's motion as a motion for preliminary injunction under Fed. Rule of Civil

Procedure 65. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("*Pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

A preliminary injunction is an extraordinary remedy, and the party seeking the injunction bears the burden of justifying such relief. *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441 (1974); *see also Leary v. Daeschner*, 228 f.3d 729, 739 (6th Cir. 2000) (noting that the proof required for a preliminary injunction is more stringent than that required to survive a summary judgment motion). Although there is no rigid and comprehensive test for determining whether a preliminary injunction is appropriate, the Sixth Circuit has directed courts to consider: (1) whether the plaintiff has a substantial likelihood of success on the merits; (2) whether the plaintiff will suffer irreparable injury if the injunction is not granted; (3) whether granting the injunction will cause potential harm to others; and (4) the impact of the injunction on the public interest. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012).

Although a prisoner's right to access the courts is well-settled, meaningful access varies with the circumstances and prison officials are accorded discretion in determining how that right is to be administered. *Bounds v. Smith*, 430 U.S. 817, 821–23, 830–31 (1977), *overruled in other part by Lewis v. Casey*, 518 U.S. 343, 353 (1996) (overruling *Bounds* to the extent that the court suggested states must enable the prisoner to discover grievances and litigate effectively once in court); *see also Sanford v. Schofield*, No. 1:13-0023, 2015 U.S. Dist. LEXIS 150999 *4–5 (M.D. Tenn. 2015) ("Absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations of a correctional facility."). A prisoner does not hare a right to unlimited telephone use, and prison administrators' authority to determine the exact nature of telephone service is subject to court scrutiny only for "unreasonable restrictions." *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994). Similarly,

a prisoner's right to access the courts does not confer on the prisoner a right to unlimited computer access or access to electronic filing. *See Russell v. Bailey*, No. 1:09-cv-878, 2011 U.S. Dist. LEXIS 38066 *17–18 (S.D. Ohio 2011) (regarding computer access); *cf.* Local Rule 5.1(c) (providing that permission to file electronically may be revoked at any time).

Hammock has not satisfied the standard required for a preliminary injunction. He has not argued, much less shown, that he is any more likely to succeed on his claims than the defendants, that no one will be harmed by the relief he seeks, or that the public interest favors the relief he seeks. *McNeilly*, 684 F.3d at 615. Moreover, Hammock has not shown that he will be irreparably injured if he is not given unlimited telephone and electronic filing access. *Id.* Here, Hammock's has not shown that the TCI warden's decision not to provide him with unlimited telephone, computer, and electronic filing access is an unreasonable restriction that impedes his access to the court. *Bounds*, 430 U.S. at 821–23, 830–31 *Washington*, 35 F.3d at 1100; *Russell*, No. 1:09-cv-878. Accordingly, Hammock's motion for an order directing the warden to provide him with unlimited telephone, computer, and electronic filing access is DENIED.

## II.     Motion for Docket Sheet and Copies of All Documents

Hammock seeks to obtain a copy of the docket sheet and all documents that have been filed in this case. ECF Docs. 70 and 110. He states that many of the documents he filed in this case were originals, because he did not have funds to make copies before filing them. ECF Doc. 110, Page ID# 934. He requests that the court send him copies of all the documents in digital form on a compact disc. *Id.* The court recognizes that Hammock is an indigent prisoner proceeding *pro se* without access to this court's electronic docket; however, he is not entitled to unlimited copies of documents at the court's expense. *See Arringon v. Scott*, No. 1:12-cv-529, 2013 U.S. Dist. LEXIS 39725 *1–2 (W.D. Mich. 2013) (denying a *pro se* prisoner's request for

free copies of several documents filed in his case, because "[i]ndigent civil litigants are not entitled to free copies, but instead must bear their own litigation expenses"). Moreover, Hammock has not specifically indicated which documents he would like copies of. Accordingly, the court GRANTS in part Hammock's motion and directs the clerk to send a copy of the docket sheet to Hammock with this order, and DENIES in part Hammock's motion with regard to his request for copies of all the documents filed in this case.

### III. Motion for Judicial Notice

Hammock moves for the court to take judicial notice that he "is an incarcerated, indigent prisoner without access to the internet, telephone, or any other communication with the Court or attorneys representing Defendants without a court order." ECF Doc. 70, Page ID# 394. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Hammock's request for this court to take judicial notice of his indigent prisoner status is unnecessary, as the court took notice of Hammock's indigent prisoner status when it granted his motion to proceed *in forma pauperis*. ECF Doc. 3. Further, Hammock has not pointed to any evidence that cannot be reasonably questioned, indicating that he does not have "access to the internet, telephone, or any other communication." Instead, Hammock's multiple filings with this court indicate that he is able to communicate through the mail. Accordingly, Hammock's motion for judicial notice is DENIED.

### IV. Motion for Leave to Electronically Serve Defendants

Hammock seeks "leave to use the court's transmission facilities to make service under Rule 5(b)(2)(E) upon all attorney[s] for Defendants in this instant action, to prevent undue

5

burden on Plaintiff . . . when filing any document that requires service on attorneys." ECF Doc. 70, Page ID# 394. Under Federal Rule of Civil Procedure 5(b)(2)(E), litigants may serve documents by "sending [them] to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing . . . ." Fed. R. Civ. P. 5(b)(2)(E). The Local Rules provide that:

> [w]hile parties and pro se litigants may register to receive "read only" electronic filing accounts so that they may access documents in the system and receive electronic notice, typically only registered attorneys, as Officers of the Court, will be permitted to file electronically. The Judicial Officer may, at his or her discretion, grant a *pro se* litigant who demonstrates a willingness and capability to file documents electronically permission to register to do so.

L.R. 5.1(c). Nonetheless, when an indigent prisoner's request seeks to use court staff "as his assistant" to effect service, in order to avoid the cost or inconvenience of doing his own service, his request is improper. *Cf. Casby v. St. Charles Parish Sheriff's Office*, No. 14-1706, 2014 U.S. Dist. LEXIS *4–5 (E.D. La. 2014) (denying a similar request under similar rules, because "[t]he law does not require that the court or the clerk of court provide [an indigent prisoner plaintiff] with any additional assistance in serving his subsequent pleadings to opposing counsel").

Here, Hammock has not shown that he has the capability to file documents electronically, as he has not shown that he has access to a computer, internet, or an email address. L.R. 5.1(c). In fact, his own statements to the court regarding his lack of access to internet at the prison undermine any argument that he has such capability. ECF Doc. 70, Page ID# 394. Furthermore, Hammock's motion appears to merely seek the use of the court's resources to effect service, so that he can avoid the cost and inconvenience of doing his own service. Accordingly, Hammock's motion for leave to electronically serve defendants is DENIED.

V.      **Motions to Depose the Mansfield City and Richland County Defendants**

6

Hammock requests that this court permit him to conduct oral depositions of the Mansfield City Defendants and the Richland County Defendants. ECF Docs. 101 and 109. The Mansfield City Defendants object to Hammock's motion, because Hammock: (1) filed his motion after discovery closed and the Mansfield City Defendants filed a summary judgment motion; (2) cannot pay for or arrange the logistics of a deposition; and (3) can avail himself of other discovery methods, including interrogatories. ECF Doc. 105, Page ID# 913–15. Further, the Mansfield City Defendants argue the burden of permitting Hammock to take oral depositions of the defendants outweighs the potential benefit to Hammock. *Id.* at 913.

Generally, a plaintiff has a presumptive right to depose named defendants and to conduct the discovery necessary to prosecute his case. *Moore v. Morgan*, No. 1:16-cv-655, 2018 U.S. Dist. LEXIS 217841 *6 (S.D. Ohio 2018); *Dearing v. Institutional Inspector Mahalma*, No. 1:11-cv-204, 2012 U.S. Dist. LEXIS 19243 *5 (S.D. Ohio 2012). Nonetheless, a *pro se* prisoner in a 42 U.S.C. § 1983 suit is subject to the same terms and conditions as any other civil litigant, including paying for his own discovery costs. *Goudlock v. Blankenship*, No. 1:13-cv-1215, 2014 U.S. Dist. LEXIS 101925 *4 (N.D. Ohio 2014). Thus, there is "no right to conduct depositions for which [the plaintiff] admits he cannot pay." *Id.* Further, the plaintiff's right to depose defendants must yield to prison official's authority to decide whether to permit an incarcerated individual to personally appear to take a deposition. *Cf. Moore*, No. 1:16-cv-655, 2018 U.S. Dist. LEXIS at *5 ("Prison officials retain some discretion as to whether to permit an incarcerated litigant to personally appear to take a deposition, taking into consideration factors such as cost, inconvenience, danger, and the disruption to the correctional operations."); *Dearing*, No. 1:11-cv-204, 2012 U.S. Dist. LEXIS 19243 at *4 (denying a prisoner plaintiff's motion to take oral depositions because he failed to make any arrangements with prison officials

7

for the taking of any depositions, and because alternative discovery methods were available). When a defendant objects to oral depositions, alternate methods of discovery must be permitted, including written depositions, interrogatories, requests for admission, and requests for production under Federal Rules of Civil Procedure 31, 33, 34, and 36. *Moore*, No. 1:16-cv-655, 2018 U.S. Dist. LEXIS at *6.

Hammock has not shown that he has the ability to fund and make the necessary arrangements to take oral depositions of all the Mansfield City Defendants and Richland County Defendants. He also has not shown that he has attempted to make any such arrangements with the defendants or the prison officials at TCI. Furthermore, requiring the 11 Mansfield City Defendants and 3 Richland County Defendants to appear for oral depositions would impose significant costs on the defendants, as well as TCI.[2] Moreover, Hammock has not argued, much less shown, why other available discovery methods – including written depositions, interrogatories, and requests for admissions – would be insufficient. Accordingly, the court, as a matter of discretion, DENIES Hammock's motions to take oral depositions of the Mansfield City Defendants and Richland County Defendants.

## VI. Richland County Defendants' Motion to Depose Hammock

The court construes from Hammock's opposition brief: (1) a request to reconsider the court's decision to grant the Richland County Defendant's motion for leave; and (2) an objection to the defendant's motion to amend the court's order granting leave. *See Boswell*, 169 F.3d at 387. Before conducting a deposition, "[a] party must obtain leave of court . . . if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(B). However, Defendants have the right to depose

---

[2] The court notes that Hammock proposes that he can depose the defendants on the same date when the defendants' attorneys go to the prison to depose him; however, Hammock has not shown that the numerous individual defendants will attend that deposition with their attorneys, or that the prison could accommodate such attendance.

a prisoner plaintiff. *Cf. Kendrick v. Schnorbus*, 655 F.2d 727, 728 (6th Cir. 1981) (noting that the protections of Rule 30(a)(2) are not imperative "whe[n] the prisoner himself is the plaintiff in a civil rights litigation, and therefore is the very party who initiates the action of his own choice"). Thus, notwithstanding Hammock's objection, the court DENIES Hammock's request for reconsideration of its order granting the Richland County Defendants leave to depose Hammock. Furthermore, the court notes that Hammock stated that he "would request that the attorneys for all defendants stipulate to a date and time . . . [,] has no date as to date and time of depositions[,] and would be in agreement to whatever date set by attorneys or the Court." ECF Doc. 109, Page ID# 931. Accordingly, the court GRANTS the Richland County Defendants' motion to amend its order, and grants the Richland County Defendants leave to depose Hammock on March 1, 2019.

## VII. Summary

The Court (1) DENIES Hammock's motion for an order directing the warden to provide him with unlimited telephone, computer, and electronic filing access, (ECF Doc. 69); (2) GRANTS in part and DENIES in part Hammock's motions for the clerk to send him copies of the docket sheet and all documents filed in this case, (ECF Docs. 70 and 110); (3) DENIES Hammocks' motion to take judicial notice, (ECF Doc. 70); (4) DENIES Hammock's motion to use the court's transmission facilities to make service under Fed. R. Civ. P. 5(b)(2)(E), (ECF Doc. 70); (5) DENIES Hammocks' motions for leave to depose the Mansfield City Defendants and Richland County Defendants, (ECF Docs. 101 and 109); and (6) GRANTS the Richland County Defendants' motion to amend the order (ECF Doc. 107-1) granting them leave to depose Hammock, (ECF Doc. 108). The Richland County Defendants have leave to depose Hammock

9

on March 1, 2019. With this order, the Clerk is directed to send Hammock a copy of the docket sheet for this case.

**IT IS SO ORDERED.**

Dated: February 15, 2019

Thomas M. Parker
United States Magistrate Judge