**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRUCE A. HAMMOCK,** | ) | **CASE NO. 1:17CV1939** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **OFFICER ROGERS, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Advanced Correctional Healthcare's ("ACH") Motion for Judgment on the Pleadings (ECF # 51), and Plaintiff Bruce Hammock's ("Hammock") Motion for Leave to File a Second Amended Complaint. (ECF # 67). On December 17, 2018, the Magistrate Judge issued his Report and Recommendation, recommending ACH"s Motion be granted and Hammock's Motion for Leave be denied. On January 30, 2019, Hammock filed his Objections and on February 8, 2019, ACH filed its Opposition to Hammock's Objections. Having reviewed the Motions, Oppositions, Report and Recommendation and Objections, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, GRANTS ACH's Motion for Judgment on the Pleadings and DENIES Hammock's Motion for Leave to File a Second Amended Complaint.

Hammock is currently confined in the Trumbull Correctional Institution in Leavittsburg, Ohio. According to his Amended Complaint, Hammock was a pretrial detainee in the custody of the Mansfield Police Department and the Richland County Sheriff's Office during all relevant times. Defendant ACH is the primary provider of healthcare services for inmates in the custody of the Richland County Sheriff's Office. Hammock asserts claims against ACH and its John/Jane Doe employees individually and in their official capacities.

**Factual Background**

On September 22, 2015, Hammock was fleeing police officers when he crashed his vehicle into a tree. Hammock alleges he did not resist arrest but was dragged out of the driver's-side window, handcuffed and then brutally beaten until unconscious by the arresting officers. He was placed in the back of a police cruiser for transport. Upon regaining consciousness, Hammock requested medical attention for injuries he sustained as a result of the crash and at the hands of the arresting officers. He was denied medical attention and was struck on the head for having his feet up on the seat of the cruiser. He was transported to the Richland County Sheriff's Office where, despite having visible signs of head trauma, he did not receive any medical attention.

Hammock again requested medical attention and further informed Richland County employees that he suffered from sleep apnea and needed a CPAP machine. He was again denied any medical treatment. Hammock was in the custody of the Richland County Sheriff's Office from September 22, 2015 through February 8, 2016, but was denied the CPAP machine despite having a prescription in his medical file for the CPAP device. The CPAP was only provided upon his transfer.

Hammock alleges violations of his constitutional rights as the result of Defendants' unlawful acts including: excessive force, deliberate indifference to his serious medical needs and/or intentional denial of medical care, failure to train and supervise, violation of his Due Process rights and unlawful policies or customs.

The subject of this Motion is Hammock's claim that ACH was deliberately indifferent to Hammock's serious medical needs. In its Motion for Judgment on the Pleadings, ACH argues that Hammock's claim fails as it was brought outside the applicable statute of limitations.

**Magistrate Judge's Report and Recommendation**

The Magistrate Judge concluded that ACH's Motion should be granted because Hammock's claims against ACH were filed outside the two-year limitation period. In reaching his conclusion, the Magistrate Judge found that Hammock first asserted claims against ACH and its employees in his Amended Complaint on February 22, 2018. Hammock alleges ACH and its employees were deliberately indifferent to his serious medical needs when they: "(1) intentionally denied him access to medical care for injuries sustained during his arrest while he was in Richland County's custody; (2) failed to provide him with a CPAP machine, despite knowing he had sleep apnea; (3) failed to train its employees to differentiate between head trauma and drug/alcohol use in vehicle accident victims; (4) denied him post-surgical care while in custody; and (5) failed to treat his loose tooth for over a month while in custody." (R & R pgs. 2-3).

The Magistrate Judge determined that a claim for deliberate indifference to serious medical needs is subject to Ohio's two-year personal injury statue of limitations. Because

Hammock was confined in the Richland County facility from September 22, 2015 to February 8, 2016, the latest he could have brought such a claim was February 8, 2018. Hammock did not request leave to file his Amended Complaint, naming ACH and its employees as Defendants, until February 27, 2018, thus, his claim is outside the applicable statute of limitations.

Hammock argues that his deliberate indifference claim should not be time-barred because ACH's conduct was part of a continuing violation that included other periods of confinement in April, October and November of 2016. Hammock further contends that his claim against ACH relates back to his original Complaint, filed September 14, 2017, because the claim against ACH arose from the same conduct and because his original Complaint named John/Jane Doe defendant nurses in their individual and official capacity.

The Magistrate Judge rejected Hammock's arguments holding that Fed.R.Civ.P.15(c) does not permit relation back when a new party is added in an amended pleading. Citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996), the Magistrate Judge found that substituting a named defendant for a John Doe is considered a change in parties, not a substitution, and does not allow relation back to the original Complaint.

The Magistrate Judge further held that Hammock had not alleged facts to support a continuing violation because passive inaction is not a continuing violation. Without some specific facts showing ACH engaged in discrete unlawful acts after February 8, 2016, the Magistrate Judge determined that Hammock had not alleged a continuing violation sufficient to support claims against ACH dating to within the two-year limitation period. Therefore, the Magistrate Judge recommends granting ACH's Motion for Judgment on the Pleadings.

4

The Magistrate Judge further recommends denying Hammock's Motion for Leave to File a Second Amended Complaint. Hammock seeks to identify the seven John Doe defendants in his First Amended Complaint, correct the styling of ACH's name, add additional facts concerning ACH, add new Defendants and assert claims arising from his April, October and November 2016 periods of confinement.

Defendants ACH and Richland County oppose Hammock's Motion, contending granting leave would unduly prejudice Defendants as the Motion was filed five months after the deadline set for joining new parties and after a year of litigation. Furthermore, Defendants argue Hammock would have known of these new Defendants and claims at the time of his Amended Complaint and has failed to show good cause for the delay in naming them. Finally, Defendants argue Hammock's amendments are futile because the new claims fail to state facts sufficient to support deliberate indifference, do not relate back and are time-barred.

The Magistrate Judge found Hammock had shown good cause for the delay; but found that his new claims would be futile as they are time-barred and do not allege any new discrete acts of unlawful conduct.

**Hammock's Objections**

Hammock's Objections are largely the same defenses raised in his Opposition to ACH's Motion for Judgment on the Pleadings. Hammock contends his naming John/Jane Doe nurses in their official and individual capacities allows his amendments to relate back to the original Complaint. He further asserts that the continuing violation doctrine applies to claims for deliberate indifference brought under 42 U.S.C. § 1983. Hammock also asserts that the Magistrate Judge never addressed his argument that relation back is permitted by

applicable law. Therefore, the Court should allow his claims to proceed on the merits.

Hammock further objects to the Magistrate Judge's recommendation that Hammock's Motion for Leave be denied as futile. He contends that the claims relate back to the original Complaint as they arise from the same act or occurrence and that all Defendants identified in the proposed Second Amended Complaint were named as "Doe" defendants in the original Complaint. For these reasons, he asks the Court to reject the Magistrate Judge's Recommendation and allow him to file his Second Amended Complaint.

## LAW AND ANALYSIS

### Standard of Review

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the district court judge to address objections by conducting a *de novo* review of relevant evidence in the record

6

before the magistrate judge. Parties are not permitted at the district court stage to raise new arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir. 1998).

## **Judgment on the Pleadings**

Having considered Hammock's Objections, the Court accepts and adopts the Magistrate Judge's recommendation that ACH's Motion for Judgment on the Pleadings should be granted. The Court agrees with the Magistrate Judge that in Ohio, the statute of limitations on a deliberate indifference to a serious medical need claim is two years. See *North v. Cty. of Cuyahoga,* No. 1:15-CV-1124, 2017 WL 3065502, at *6 (N.D. Ohio July 19, 2017) ("42 U.S.C. § 1983 does not have a statute of limitations. Instead, the Court must refer to an analogous state claim. Courts generally apply a state's personal injury statute of limitations to claims brought under § 1983.") (citing *Hawkins v. Spitters*, 79 Fed. App'x. 168, 169 (6th Cir. 2003)); see also *Wilson v. Garcia*, 471 US 261 (1985). In Ohio, the statute of limitations for personal injury claims is two years. *Gates v. Precision Post Co.*, 659 N.E.2d 1241 (Ohio 1996). "Therefore, treating the § 1983 claim as a personal injury claim for statute of limitations purposes, the § 1983 claim has a two year statute of limitations." *North* at *7, citing *Browning v. Pendleton*, 869 F2d 989, 992 (6th Cir. 1989) (*en banc*).

"In actions brought under § 1983, the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). Hammock's Amended Complaint only alleges that ACH was deliberately indifferent to his medical needs during his September 22, 2015 to

February 8, 2016, period of confinement. Thus, the allegations demonstrate his claims are outside the two-year limitation window. Hammock does not challenge the relevant time period, but instead alleges his naming of John/Jane Doe nurses in their individual and official capacities in his original Complaint allows his claims against ACH to relate back. The Magistrate Judge addressed this issue in his well-reasoned Report and Recommendation, holding that substitution of a John or Jane Doe defendant with a named party does not allow relation back.

Fed.R.Civ.P. 15(c) governs when an amendment relates back to the original complaint:

> (c) Relation Back of Amendments.
>
> **(1) *When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
>
>> (A) the law that provides the applicable statute of limitations allows relation back;
>>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

As the Sixth Circuit has held, "adding new, previously unknown defendants in place

of "John Doe" defendants 'is considered a change in parties, not a mere substitution of parties,' and 'such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)[ ].'" *Smith v. City of Akron,* 476 F. App'x 67, 69 (6th Cir. 2012) quoting *Cox v. Treadway,* 75 F.3d at 240.

Hammock did not know the name or identity of ACH and its employees within the two-year limitation period; thus, it was not a mistake in identifying them such that relation back would be permitted under 15(c). See *Smith,* 476 F. App'x. at 69 ("Smith did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem."). Since Hammock did not name ACH until more than two years after his injury and did not assert a claim against ACH until after the two-year window, the Magistrate Judge correctly determined that his claims against ACH are barred by the applicable statute of limitations.

## **Continuing Violation**

The Magistrate Judge rejected Hammock's assertion that ACH's deliberate indifference was a continuing violation because they were also deliberately indifferent to his medical needs in his subsequent periods of incarceration in April 2016 and October - November of 2016. The Magistrate Judge, relying on Sixth Circuit precedent, determined that each alleged act of deliberate indifference cannot be a continuing violation but is instead a discrete unlawful act. In Bruce v. Corr. Med. Servs., Inc., 389 F. App'x 462, 466 (6th Cir. 2010), the Sixth Circuit held "[p]assive inaction does not support a continuing violation theory. (Internal citation omitted). Accordingly, a continuing violation is occasioned by

9

continual unlawful acts, not continual ill effects from an original violation." Because Hammock did not timely assert claims against ACH during the relevant statutory period, and did not allege discrete unlawful acts after his February 2016 incarceration, his claims did not present a continuing violation. Rather, under the facts alleged, Hammock's claims constitute passive inaction such that his claims do not relate back to his original Complaint. Thus, the Court agrees with the Magistrate Judge that the statute of limitations bars Hammock's claims against ACH.

Lastly, Hammock asserts that the Magistrate Judge failed to consider his argument that the applicable law allows relation back. Hammock appears to be referring to Fed.R.Civ.P.15(c) as he contends relation back is permitted because the time had not yet expired to perfect service on Defendant ACH. However, the Magistrate Judge did address this issue and found that 15(c) does not allow relation back unless a plaintiff mistakenly identified a party in the original pleading. Because Hammock was not mistaken as to the identity of ACH but simply did not know of ACH, the Magistrate Judge did not err in concluding Hammock's claims against ACH are time-barred.

**Motion to Amend**

The Court further accepts and adopts the Magistrate Judge's Report and Recommendation denying Hammock's Motion for Leave to Amend. The Magistrate Judge concluded that Hammock's proposed new claims and addition of new Defendants would be futile as the claims would not relate back, would be time barred under the applicable statute of limitations and, even if some were not time-barred, failed to allege sufficient facts to support the claims. Hammock argues that the claims relate back since all Defendants were named as

"Doe" Defendants in the original Complaint.

The Court has already determined that the claims do not relate back and has already determined that substituting new named parties for "Doe" defendants does not allow relation back except where a mistake in identity was made or where a statute expressly allows relation back. Neither of those exceptions applies here.

As to ACH, the Magistrate Judge found that Hammock's period of incarceration between October and November of 2016 would fall within the statute of limitations period, but his claim as asserted in his proposed Second Amended Complaint would nonetheless be futile because he fails to allege any discrete unlawful act of deliberate indifference by ACH in that time period. The only discrete unlawful acts of deliberate indifference alleged by Hammock in his proposed Second Amended Complaint occurred in the September 2015 - February 2016 period of incarceration and in his April 2016 period of confinement. Because Hammock did not seek to add these claims and new Defendants until September of 2018, these claims fall outside the two-year limitation period. Thus, the Magistrate Judge correctly denied Hammock's Motion for Leave to File a Second Amended Complaint.

Therefore, for the foregoing reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, GRANTS ACH's Motion for Judgment on the Pleadings (ECF # 51), dismisses Hammock's claims against ACH and DENIES Hammock's Motion for Leave to File a Second Amended Complaint. (ECF # 67).

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

Dated  March 18, 2019