IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRUCE HAMMOCK, | Case No. 1:17-cv-1939 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| OFFICER ROGERS, *et al.*, | |
| Defendant. | **ORDER & SUPPLEMENT TO REPORT & RECOMMENDATION** |

On November 13, 2019, I issued a Report & Recommendation (R&R), recommending that the Court grant the defendants' motions for summary judgment. ECF Doc. 139. In that R&R, I noted that Hammock's response in opposition to the County defendants' motion for summary judgment was due on November 7, 2019, but he had not filed it. ECF Doc. 139 at 2-3 n.2. Nevertheless, I stated that the County defendants' motion was treated as though it was opposed "because it [was] clear from the record that Hammock oppose[d] it." *Id.*

On November 14, 2019, Hammock filed an "objection to defendant[s'] motion for summary judgment." ECF Doc. 140. In his filing, Hammock requested that the court "dismiss [as untimely] the defendant[s'] motion for summary judgment due to plaintiff being served after the deadline for dispositive motions in this instant action." ECF Doc. 140 at 1. Hammock noted that he was served with the defendants' motion on September 24, 2019. ECF Doc. 140 at 1. He requested that, if the court did not dismiss the County defendant's motion for summary judgment, he be granted an extension of time. ECF Doc. 140 at 1. Hammock states that he needs an extension because: (1) "the court fail[ed] to serve . . . subpoenas of pertinent evidence,"

including a subpoena of "Dr. Denton"; (2) the computers at his prison were out of service; and (3) he is about to transition back into society after his release on November 22, 2019. ECF Doc. 140 at 1-2.

I. **Motion to Dismiss**

The court previously considered the service issues related to the County defendant's motion for summary judgment, ordered that service be made, and gave Hammock 30 days from service to file a response. ECF Doc. 123; ECF Doc. 130. Hammock admits that he received service of the County defendants' motion on September 24, 2019, as stated in the County defendants' notice of service. ECF Doc. 140 at 1; ECF Doc. 132. But Hammock waited well over 30 days to file his motion to dismiss the motion and has not filed any substantive response to the County defendants' motion for summary judgment. ECF Doc. 140. Thus, Hammock's motion to dismiss the County defendants' motion for summary judgment as untimely (ECF Doc. 140) is DENIED.

II. **Alternative Motion for Extension**

On October 8, 2019, the court ordered that "[n]o extensions will be permitted" for Hammock to file a response brief to the County defendants' motion for summary judgment. ECF Doc. 130. Thus, Hammock's motion for an extension is not well-taken. In any event, however, Hammock has not shown good cause for an extension. *See* Fed. R. Civ. P. 16(b)(4) (requiring a party to show "good cause" to modify a scheduling order).

Hammock's claim that he needs an extension due to an outstanding subpoena to "Dr. Denton," is not "good cause." A review of the record shows that Hammock filed two requests for the court to serve subpoenas on his behalf: (1) a request to serve subpoenas on former defendant Advanced Correctional Health Care, Joe McDaniels, and Richland County to produce several documents and other information, ECF Doc. 37; and (2) a request to serve a subpoena on

McDaniels, ECF Doc. 59. The court denied Hammock's first request without prejudice to his request to subpoena McDaniels and granted his second request, with some modification to the subpoena's request for production. ECF Doc. 38; ECF Doc. 70. Hammock never filed a request or motion to have a subpoena issued to "Dr. Denton." *See generally* CM/ECF for N.D. Ohio Case No. 1:17-cv-1939. He did, however, attach a subpoena form listing "Robert Denton" to his otherwise unrelated motion for the clerk to provide him a copy of all filings in his case and to take judicial notice that he is incarcerated with limited access to communications. ECF Doc. 70; ECF Doc. 70-1. Even if Hammock had requested service of that subpoena – which he did not – his request for "any and all records regarding Bruce A. Hammock, including . . . all communications between Richland County Sheriff's Office and or Advanced Correctional Healthcare, Inc." was overbroad and unduly burdensome to Dr. Denton because: (1) it was not limited to documents in Dr. Denton's possession; (2) Hammock did not provide any reason why he could not obtain those records from Richland County Sheriff's Office or Advanced Correctional Healthcare (Dr. Denton's employer); and (3) Richland County and Advanced Correctional Healthcare provided Hammock's medical records. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 819 (5th Cir. 2004) (stating that a subpoena may be quashed under Rule 45(d)(3)(A)(iv) if it is facially overbroad or would impose an unwarranted expense or inconvenience on a non-party); Fed. R. Civ. P. 45(a)(1)(A)(iii) (requiring a document request to be limited to items in the target's "possession, custody, or control"); ECF Doc. 70-1; ECF Doc. 94-6 (Hammock's medical records attached to his response to the Officer and Mansfield City defendants' motion for summary judgment); ECF Doc. 115-7 (jail medical records). Thus, Hammock cannot show that the court would have granted his request to serve such a subpoena, even if he had made one.

Similarly, Hammock's arguments regarding his limited computer access and pending release are unpersuasive. Hammock's typed motion itself defeats his assertion that he was unable to file a response due to his lack of computer access. *See* ECF Doc. 140. Furthermore, the delay that might result from his transition back into society following his release from prison on November 22, 2019, does not explain why he failed to file a response to the county defendants' motion for summary judgment within 30 days after service on September 24, 2019.

Accordingly, Hammock's motion for an extension of time to file a response to the County defendants' motion for summary judgment (ECF Doc. 140) is DENIED.

### III. Construed Opposition to County Defendant's Motion for Summary Judgment

To the extent that Hammock's filing could be construed as a general opposition to the County defendants' motion for summary judgment, it does not affect my findings or recommendation in my R&R (ECF Doc. 139) issued on November 13, 2019. As I discussed above, I considered Hammock's general opposition to the county defendant's motion. *See* ECF Doc. 139 at 2-3 n.2. Further, after reviewing the evidence in the record in Hammock's favor, I found that Hammock could not point to any evidence supporting his claims against the County defendants and that the County defendants were entitled to judgment as a matter of law. ECF Doc. 139 at 3-18, 29-47. Accordingly, even in light of Hammock's new filing, I recommend that the Court GRANT the County defendants' motion for summary judgment.

## IV. Summary

Hammock's motion to dismiss as untimely the County defendant's motion for summary judgment (ECF Doc. 140) is DENIED. Further, Hammock's motion for an extension of time to respond to the defendant's motion for summary judgment (ECF Doc. 140) is DENIED. Finally, I continue in my recommendation that the County defendant's motion for summary judgment (ECF Doc. 115) be GRANTED.

Dated: November 15, 2019

Thomas M. Parker
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).