**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRUCE A. HAMMOCK,** | ) | **CASE NO. 1:17CV1939** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **OFFICER ROGERS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

      This matter comes before the Court upon the Report and Recommendation (ECF DKT #139) of the Magistrate Judge recommending that the Motions (ECF DKT #85 and ECF DKT #115) of the Officer Defendants, Mansfield Defendants and Richland County Defendants for Summary Judgment be GRANTED and that Plaintiff's emotional distress claims be dismissed as against the Officer Defendants and Mansfield Defendants; and upon the Report and Recommendation (ECF DKT #141) of the Magistrate Judge that Plaintiff's Motion (ECF DKT #140) to Dismiss the County Defendants' Motion for Summary Judgment as untimely and for an extension of time to respond to Defendants' Motion for Summary Judgment be DENIED.

Upon consideration of the evidence and application of the appropriate legal standards, the Magistrate Judge found that Plaintiff failed to sufficiently plead excessive-force claims against the Individual Officer Defendants. Plaintiff also did not produce sufficient evidence to create a genuine issue of material fact that: (1) the Individual Officer Defendants are not entitled to qualified immunity on his claims that they used excessive force before he was restrained, failed to intervene against an alleged excessive use of force in violation of his constitutional rights, and were deliberately indifferent to his serious medical needs; (2) the Officer Defendants, Mansfield Defendants and Richland County Defendants were deliberately indifferent to his serious medical needs; (3) the Mansfield Defendants and Richland County Defendants failed to train and supervise their employees with deliberate indifference to his constitutional rights; and (4) the Officer Defendants, Mansfield Defendants, and Richland County Defendants engaged in extreme and outrageous conduct that they intended to cause, or should have known would cause him to suffer serious emotional distress. Thus, the Magistrate Judge determined that the Officer Defendants, Mansfield Defendants and Richland County Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims. The Magistrate Judge also recommended that Plaintiff's Motion for Judicial Notice (ECF DKT #100) and Motion for Leave to Amend (ECF DKT #133) be denied as moot (ECF DKT #139).

The Magistrate Judge also found that since Plaintiff admitted receiving service of the Richland County Defendants' Motion for Summary Judgment on September 24, 2019, Plaintiff's Motion to Dismiss their dispositive motion as untimely is without merit. Moreover, since the Court ordered on October 8, 2019 that no extensions would be permitted

and since Plaintiff failed to show good cause for any extension of time, Plaintiff's alternative Motion for Extension should be denied. (ECF DKT #141).

**Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the district court judge to address objections by conducting a *de novo* review of relevant evidence in the record before the magistrate judge. Parties are not permitted at the district court stage to raise new arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir. 1998).

Fed.R.Civ.P. 72(b) provides that objections to a report and recommendation must be filed within fourteen days after service. Plaintiff had until November 29, 2019 to file any

objections to the Report and Recommendation (ECF DKT #139) and the Supplement (ECF DKT #141). Plaintiff filed to timely file any such objections.

Therefore, the Court must assume that Plaintiff is satisfied with the Magistrate Judge's recommendations. Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## Conclusion

In closing, the Court adopts in full the Report and Recommendation (ECF DKT #139) and the Order and Supplement to Report and Recommendation (ECF DKT #141). Plaintiff has no remaining claims in this case; so, the above-captioned Complaint is dismissed in its entirety.

**IT IS SO ORDERED.**

**DATE: 12/6/19**

 **/s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**